## UNITED STATES *v.* INGRAHAM.

### *(Circuit Court, D. Rhode Island. February 4, 1892.)*

1. CLAIMS AGAINST UNITED STATES—FRAUD—INDICTMENT.
   An indictment for the offense of presenting to any officer "in the civil, military, or naval service of the United States" a false claim (Rev. St. § 5438) is sufficiently certain in alleging that such claim was presented to the "third auditor of the treasury department of the United States." It need not allege that he is an officer in the civil service of the United States.

2. SAME.
   An indictment alleging the presentation of a false affidavit need not aver that the officer before whom it was taken was authorized to administer oaths. The word "affidavit," as used in the statute, relates to the form of the false paper, and not its legal character.

At Law. Indictment of Royal Ingraham under Rev. St. § 5438. Motion in arrest of judgment.

*Rathbone Gardner*, Dist. Atty., for the United States.
*Franklin P. Owen*, for defendant.

CARPENTER, District Judge. This is a motion in arrest of judgment after verdict on an indictment under section 5438 of the Revised Statutes, which is as follows:

"Section 5438. Every person who makes or causes to be made, or presents or causes to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, * * * shall be imprisoned," etc.

The language of the indictment, so far as it is pertinent to the questions raised by this motion, is as follows: In the first count—

"That Royal Ingraham * * * did knowingly, willfully, and unlawfully make and present, and cause to be made and presented, for payment and approval, to the third auditor of the treasury department of the United States of America, a certain claim against the government of the United States."

—And in the second count—

"That said Royal Ingraham, * * * for the purpose of obtaining and aiding to obtain the payment and approval of a certain claim against the government of the United States, to-wit," etc., "* * * did knowingly, willfully, and unlawfully use and cause to be used a certain false affidavit, to-wit, the affidavit of one Perry Ingraham and one Mary E. Ingraham, * * * subscribed and sworn to on the ninth day of December, in the year of our Lord one thousand eight hundred and ninety, before Daniel H. Remington, a justice of the peace, he, the said Royal Ingraham, then and there well knowing the said affidavit to contain a fraudulent and fictitious statement, to-wit," etc.

The motion in arrest of judgment is based upon the following grounds: (1) That the first count is uncertain and charges no offense, in that it does not set forth that the third auditor of the treasury department of the United States of America was a person and officer in the civil, military, or naval service of the United States. (2) That the second count is uncertain and charges no offense, in that it does not set forth that the claim against the government of the United States had been or was to be presented to a person or officer in the civil, military, or naval service of the United States, and also in that it does not set forth that said Daniel H. Remington, a justice of the peace, was authorized to administer oaths, and in what jurisdiction said Remington was justice of the peace, and that said affidavit was sworn to in his jurisdiction. I am of opinion that in both the above particulars the offense is sufficiently stated under the statute.

As to the first objection, it is to be observed that the purpose of the indictment is to make it clear beyond a peradventure that the claim in question was presented to a person such as is described in the statute. The grand jury, the court, and the prisoner, being conclusively presumed to know the law, are therefore conclusively presumed to know that the third auditor is a person and officer in the civil service. The language, therefore, makes certain the meaning of the grand jury, and sufficiently informs the prisoner of the charge against him. The person to whom the claim was presented is described in terms, which show him to be one of the general class of persons intended by the statute, and it is not necessary explicitly to state that he belongs to that class. It can be no more necessary to allege that the auditor is a person in the civil service than it would be to allege that Royal Ingraham is a person.

As to the second objection, I observe that the substance of the crime consists in the presentation of a "false * * * affidavit, * * * knowing the same to contain any fraudulent or fictitious statement." Clearly, the affidavit so alleged to have been presented must be so fully

described that the prisoner may be able to identify the particular affidavit intended by the grand jury, and it is not necessary that it be described further. In this indictment it is described by date of jurat, and name of the person taking the same, and also by a recital of the alleged false statement contained in the affidavit. The allegation that Remington was authorized to administer the oath could not add to this certainty of description. Still further, it seems to me to be clear that it is not necessary that Remington should have been authorized to administer oaths in order that the offense here charged shall be complete. The word "affidavit" relates to the form of the false paper which is presented, and not to its legal character. If Remington were not a justice of the peace, or if he did not administer the oath, and his signature to the jurat were forged, I think the paper would still be a "false affidavit," within the meaning of the statute.

The motion must, therefore, be denied and dismissed.