## B. A. HELSEY v. STATE.

No. A-3343—Opinion Filed Nov. 16, 1920.

(193 Pac. 50.)

(Syllabus.)

FALSE PRETENSES—Elements of Offense. In order to sustain the conviction for obtaining money under false pretenses, it must be shown that there was a false representation as to an existing fact or past event, relied upon by the party defrauded as true, and such false representation must be the motive cause which induced the owner to part with his property.

*Appeal from District Court, Ottawa County; Preston S. Davis, Judge.*

B. A. Helsey was convicted of the offense of obtaining money by false pretenses, and he appeals. Reversed and remanded.

*Clyde Morsey*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, B. A. Helsey, hereinafter called defendant, was by information charged with the offense of obtaining money from Lloyd Henry by false pretenses, convicted, and sentenced to imprisonment in the State Penitentiary at McAlester for a term of three years. To reverse the judgment rendered, he prosecutes this appeal.

The material uncontradicted evidence is as follows: That the defendant went to the home of Lloyd Henry, which is situated four miles from Miami, Ottawa county, stated to him, that he (defendant) was representing the Menke Grocery Company of Kansas City, exhibited to him samples of groceries, stated the prices of same, and induced the said Henry to give him, the defendant, a check for groceries to be shipped to the said Henry by the said company, and which he promised would reach the said Henry in five or six days, for which said groceries said Henry gave the defendant a check on the bank of Miami for $4.95, which defendant cashed, and applied the money so received to his own use, and did not send the order for the said groceries to said company to be filled as he stated he would. That the said Henry bought the said groceries "because the prices were reasonable, and he believed the company responsible." There was also undenied evidence that the defendant, about the same time had transactions with several other persons identical with the transaction had with said Henry, and that in each instance he appropriated to his own use the cash or checks so received from said several transactions. That defendant, prior to having said transactions with said Henry, went to the place of bus-

iness of said Menke Grocery Company, and there saw officials of said company, stated to them that he had heretofore been a salesman and desired to sell groceries for said company, and in consequence was furnished by said company blank orders on said company for goods, samples of the goods he was to sell, the prices he was to sell them for, and furnished a book entitled "Menke's Salesmen's Companion," which in great detail instructed how a salesman was to conduct business in taking orders, described the goods to be sold, and stated therein that the articles in "Menke's Salesmen's Companion are for the salesman who sells from our house, and should any party or parties, firm or corporation be found infringing such or copying any of these articles, they will be prosecuted," and promised defendant to fill all regular orders that he might send to them, Menke Grocery Company. It was also testified by the secretary of the company that the company would have filled any orders sent in by the defendant that were regular, but that defendant was not the agent of and the company not responsible for his acts. It was also shown by the evidence that, after the defendant had the transaction herein stated with the said Henry, he was arrested in Texas, and while in the police station at Ft. Worth stated that he was guilty of "jipping" the farmers out of their money, and he was going to plead guilty.

The defendant demurred to the evidence upon the ground that it was insufficient to sustain conviction for obtaining money by false pretenses. The court overruled the demurrer, and the defendant excepted. Timely motion for a new trial was made by the defendant, which was overruled, and exceptions saved. The defendant in his brief urges only one error:

"That the evidence is insufficient to sustain the conviction of the defendant, and that the court committed re-

versible error in refusing to instruct the jury to acquit the defendant."

It is earnestly insisted on the part of the state that the evidence shows that the defendant was not authorized to represent the Menke Grocery Company in making said transaction with Henry, was not its agent, and that, when defendant stated to Henry that he was representing the said company, he falsely represented as to an existing fact upon which Henry relied. With this contention we cannot agree. The evidence shows that the defendant had authority to represent said company as a special agent, to make said deal with Henry in the manner in which he did. The evidence shows that the company had authorized the said defendant to take orders, and had furnished him with blank order forms, samples of goods he was to sell, the prices thereof, and directed him to follow the instructions contained in Menke's Salesmen's Companion, a copy of which was delivered to the defendant at the time.

It is true that the secretary of the company testified that the defendant was not an agent of said company, and the company was not responsible for his acts, but this testimony does not in any way tend to show that the defendant was not authorized to represent said company in making the transaction he did with Henry.

That the defendant in making the transaction with Henry hereinbefore set out was guilty of practicing a confidence game upon Henry in obtaining said check for $4 95 is certainly true; but, after a most careful consideration of all the evidence germane to the issue involved, we are unable to see that in perpetrating said fraud upon Henry he did so by falsely representing as to any existing fact or past event.

It has been repeatedly held by this court that there must be a false representation as to an existing fact or past event proven in order to sustain a conviction for obtaining money under false pretenses. *Taylor v. Territory,* 2 Okla. Cr. 1, 99 Pac. 628; *Jones* v. *State,* 9 Okla. Cr. 621, 132 Pac. 914; Wharton's Criminal Law, vol. 2 (11th Ed.) §§ 1397-1437.

The doctrine that the misrepresentation must be of a past event or fact having present existence, and not a misrepresentation of something to take place in the future, finds support in the following authorities: *State v. De Lay,* 93 Mo. 98, 5 S. W. 607; 2 Bishop's Criminal Law, section —, and authorities there cited; *Hurst v. State,* 39 Tex. Cr. R. 196, 45 S. W. 573; *State v. Tanner,* 22 N. M. 493, 164 Pac. 821, L. R. A. 1917E, 849; *People v. Cerrato,* 99 Misc. Rep. 256, 165 N. Y. S. 694; *In re Snyder, Petitioner,* 17 Kan. 542.

We are of the opinion that the evidence germane to the issue involved in this appeal is entirely insufficient to show beyond a reasonable doubt that the defendant was guilty of the offense of which he was convicted, and hence the court committed reversible error in refusing to advise the jury to acquit the defendant, because if the evidence proves the defendant guilty of an offense it is materially different from that charged and of which he was convicted.

The judgment of the trial court is reversed, and the case remanded.

DOYLE, P. J., and MATSON, J., concur.