**STATE of Missouri, Respondent,**

v.

**Clarence Herbert TOMLINSON, Appellant.**

No. 49429.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1963.

———◆———

Rollin J. Moerschel, Niedner, Niedner & Moerschel, St. Charles, for appellant.

Thomas F. Eagleton, Atty. Gen., Clyde Burch, Asst. Atty. Gen., Jefferson City, for respondent.

WESTHUES, Judge.

The defendant in this case was convicted on a charge of attempting to obtain a sum of money by means of a false or bogus check within the meaning of Sec. 561.450, RSMo 1959, V.A.M.S. The information further alleged that the defendant had previously been convicted of a felony. After a jury had found the defendant guilty, the trial court fixed defendant's punishment at four years' imprisonment in the State Penitentiary. Defendant appealed from the judgment entered.

The defendant filed a motion in the trial court to quash the information on the ground that it failed to charge an offense under Sec. 561.450, supra. This motion was overruled.

On this appeal, defendant contends that the evidence in the record is insufficient to sustain a conviction; that the instruction (No. 2) submitting the case to the jury does not conform to the evidence and that the evidence is insufficient to sustain a charge that the check in question was false. Further error is claimed in the trial court's giving instruction No. 2 on the ground that it failed to require a finding "that the defendant *knew* there was no account in the Bank of St. Ann."

.To answer those questions, it is necessary to set forth the information, instruction

No. 2, and the substance of the evidence. The charging portion of the information reads (omitting the allegation as to previous conviction): "That Clarence Herbert Tomlinson on the 16th day of October, 1961, in the County of St. Charles, State of Missouri, did then and there wilfully and unlawfully and feloniously, with the intent to cheat and defraud, did attempt to obtain from one Dan Frick, agent for National Food Store, 2500 W. Clay, St. Charles, Mo., money in the sum of Forty-six and 50/100 Dollars ($46.50) by means of a false check, to which check he did sign the name of one Larry D. Rohmann as maker of said check and which check was dated October 16, 1961 and drawn on the Bank of St. Ann, St. Ann, Missouri, payable to the holder of said check by use of the word 'Cash' and which check was in the amount of $46.50, there being no account at said time in the name of Larry D. Rohmann in the Bank of St. Ann, St. Ann, Missouri, * *."

Instruction No. 2 reads: "The Court instructs the Jury that if you find and believe from the facts and circumstances in evidence in this case, beyond a reasonable doubt, that the Defendant, Clarence Herbert Tomlinson, on or about October 16, 1961, in the County of St. Charles, State of Missouri, did wilfully and unlawfully and feloniously, with the intent to cheat and defraud, attempt to obtain from one Dan Frick, agent for National Food Store, 2500 West Clay, St. Charles, Missouri, money in the sum of *For*-six and 50/100 Dollars ($46.50), by means of a false check, to which he did sign the name of one Larry D. Rohmann as maker of said check and which check was dated October 16, 1961, and drawn on the Bank of St. Ann, St. Ann, Missouri, payable to 'Cash' and which check was in the amount of Forty-six and 50/100 ($46.50), and that there was no account at said time in the name of Larry D. Rohmann in the Bank of St. Ann, St. Ann, Missouri, you will find the Defendant guilty of attempting to obtain money by means of a false check.

"Unless you so find the facts, you will find the Defendant not guilty of attempting to obtain money by means of a false check."

The State's evidence justifies the following statement: On October 16, 1961, the defendant Tomlinson entered the National Food Store in St. Charles, Missouri, made out a check for $46.50 on the Bank of St. Ann payable to "Cash" and signed the name of one Larry D. Rohmann as the maker of the check. He asked the clerk to cash the check and presented an identification card in the name of Larry D. Rohmann. The clerk was unable to locate the store's copy of the identification card and called the manager. The manager called the St. Charles police. An officer arrived and, after a brief conversation with defendant, placed the defendant under arrest. Defendant informed the officer that he was Rohmann. The State introduced in evidence a written statement signed by the defendant. A portion of this written statement reads: " 'On Monday, October 16, 1961, Larry and I came to St. Charles to cash another check. I made the check out to cash on the Bank of St. Anns, Missouri, for forty-six dollars and fifty cents. Larry drove me out to the National Food Store in St. Charles, Missouri, and told me to hurry. I was in the store thirty to forty-five minutes. I went up to the cashier counter and had to wait this length of time till the manager, Mr. Donald Hawkins, arrived. I had Larry Rohmann's identification card to cash the check.' "

The person referred to as "Larry" in the statement was Larry D. Rohmann. The defendant informed the police after he arrived at the police station that Larry was his brother-in-law which fact was true.

The State introduced evidence that Larry and his wife had had an account at the Bank of St. Ann but that it had been closed for a number of months. It was further disclosed by the State's evidence that the employees of the store were not acquainted

with either the defendant or Larry D. Rohmann.

Larry Rohmann and his wife testified for the defendant. These witnesses stated that the defendant had authority to sign their names to checks.

It is our opinion that this conviction of the defendant cannot be upheld in the state of the record before us. An essential element of the alleged offense was omitted, that is, knowledge on the part of the defendant that there were not sufficient funds in the account of Rohmann at the bank to cover the check. The information did not charge, nor did the instruction (No. 2) require a finding, that the defendant knew there were no funds in the Bank of St. Ann to cover the check. The circumstances as shown by the evidence may be sufficient to justify such a conclusion. However, the jury was not required to find such fact in order to find the defendant guilty.

The State's evidence justified an inference that Rohmann authorized the defendant to use his credit card and to sign his name to the check in question. Had Rohmann's account at the bank been active and had the bank cashed the check in question, Rohmann would have had no recourse against the bank.

The State relies upon the case of State v. Hartman, 364 Mo. 1109, 273 S.W.2d 198, by the Court en Banc, as authority that the judgment of conviction should be sustained. In the Hartman case, the defendant cashed what was represented to have been a payroll check of the St. Louis Shoe Manufacturing Company, when in fact it was not and had not been signed by any employee of the company and was unauthorized. It was, in fact, a false and bogus check. The information so charged and the evidence sustained the charge. In substance, it was charged and proved that the representations made were false and known to have been false and the jury was required so to find or to acquit the defendant. It is obvious that the facts in the Hartman case were materially different from the facts in the case before us.

In the case of Williams v. Territory of Arizona, 13 Ariz. 27, 108 P. 243, 27 L.R.A.,N.S., 1032, cited by the State, the defendant wrote a check on a bank in which he never had had funds. That fact distinguishes the case from the case now before us. In this case, Rohmann did have an account at the bank in question some months prior to the day the check was written. Furthermore, Rohmann did not sign the check. He is not the defendant. The evidence justifies a finding that the defendant had authority to use Rohmann's identification card and to sign Rohmann's name to the check. Rohmann and the defendant may have conspired to cheat and defraud the National Food Store. However, to convict the defendant, the jury should have been required to find that the defendant knew when he signed the check that there were no funds in the bank at that time.

The case of United States v. Clark, D.C., 19 F.Supp. 972, also cited by the State, was a vote fraud case. It is not in point on the issues before us.

We do not rule that the facts and circumstances of this case do not support a charge properly presented under Sec. 561.-450, supra. We do rule that an essential element was omitted, that is, that the defendant knew there were no funds in the bank to the credit of Rohmann.

For the error indicated, the judgment is reversed and the cause remanded. It is so ordered.

All of the Judges of the Division concur and HUNTER, Special Judge, concurs.