Brenda Joyce NASH, a/k/a Brenda
Joyce Collier, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–585.

Court of Criminal Appeals of Oklahoma.

July 25, 1984.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Presiding Judge:

The appellant, Brenda Joyce Nash, a/k/a Brenda Joyce Collier, was convicted in the District Court of Tulsa County, Case No. CRF–82–4421, of Obtaining Money by False Pretense, After Former Conviction of a Felony, was sentenced to twenty-two (22) years' in prison, and she appeals.

The evidence presented by the State at trial established that on the afternoon of December 6, 1982, the appellant entered a Target store and purchased a stereo for $99.99 plus tax. She was given a receipt for her purchase. Later in the evening on the same day, the appellant re-entered Target, picked up a stereo identical to the one she had purchased earlier, and presented both the stereo and the receipt to a clerk and requested a refund. Unbeknown to the appellant, a store detective had been observing her throughout this period. The clerk was advised of the situation by the detective via the in-house telephone. After the clerk proceeded to give the appellant a refund, the detective took the appellant into custody.

Relying on *Carroll v. State*, 347 P.2d 812 (Okl.Cr.1959), and *Taylor v. Territory*, 2 Okl.Cr. 1, 99 P. 628 (1909), the appellant first alleges that the State failed to prove an essential element of the crime, to-wit, that the victim relied on the defendant's representations as being true. Indeed, the appellant argues that, as the State's evidence conclusively established that Target's employees knew that the representation which she made was false, the verdict cannot be supported by the evidence.

We note here that both *Carroll* and *Taylor* construed what is now 21 O.S.1981, § 1542, which is entitled "Obtaining Property on Signature Under False Pretenses." The appellant, however, was charged and convicted under 21 O.S.Supp.1982, § 1541.-1, which is entitled "Obtaining or Attempting to Obtain Property by Trick or Deception-False Statements-Confidence Game."

We note further that the legislature enacted § 1541.1 as a replacement for 21 O.S.1961, § 1541.[1] Both the title and the essential elements of the offense as delineated by the statute remained unchanged, and are as follows:

Every person who, with intent to cheat and defraud, shall obtain *or attempt to obtain* from any person, firm or corporation any money, property or valuable thing ... by means or by use of any trick or deception, or false or fraudulent representation or statement or pretense, or by any other means or instrument or device commonly called the 'confidence game', or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall be guilty ... (Emphasis added).

█ We find that the cases which control this issue are *Bennett v. State*, 21 Okl.Cr. 27, 204 P. 462 (1922), and *Phenis v. State*, 28 Okl.Cr. 142, 229 P. 652 (1924). In *Bennett*, this Court held that reliance on the representation is not an essential element of § 1541, because "a mere attempt to defraud is sufficient under this statute." In *Phenis*, this Court held that while the State must prove reliance to support a change made under § 1542, the State faced no such burden under § 1541. We reaffirm these decisions, and consequently, hold that this assignment of error is without merit.

In her second assignment of error, the appellant contends that the trial court committed reversible error by giving the jury during the first stage of the bifurcated trial the following instruction:

Instruction No. 7

You are instructed that the sole question for the consideration of the jury at this stage of the proceeding is whether the defendant is 'guilty' or 'not guilty.' The matter of punishment is not to be considered by you at this stage of the proceeding.

---

1. Laws, 1967, c. 94, §§ 1–7.

The appellant contends this instruction is highly prejudicial because it implies a former conviction of a felonly.

22 O.S.1981, § 860(a), provides in pertinent part:

The trial shall proceed initially as though the offense charged was the first offense; when the indictment or information is read all reference to prior offenses shall be omitted; during the trial of the case no reference shall be made nor evidence received of prior offenses except as permitted by the rules of evidence; the judge shall instruct the jury only on the offense charged; *the jury shall be further instructed to determine only the guilt or innocence on the offense charged, and that punishment at this time shall not be determined by the jury.* (Emphasis added).

■ It is an axiomatic rule of law that an instruction which complies with a statute is not erroneous. *Blozy v. State,* 557 P.2d 451 (Okl.Cr.1976). See also, *Maines v. State,* 665 P.2d 1220 (Okl.Cr.1983). This assignment of error is without merit.

■ The appellant asserts next that the failure of the State to re-attach the second page to its amended information left the trial court without authority to proceed with a habitual criminal proceeding. We disagree. The purpose of an information is to establish the trial court's jurisdiction over the matter, and give fair notice to the accused of the charge against him so that a conviction or acquittal could be used as a ban to further prosecution for the same offense. 22 O.S.1981, § 409; *Wilds v. State,* 545 P.2d 779 (Okl.Cr.1976). In the instant case, the record reveals that a second page charging three former convictions was attached to the preliminary information, upon which the appellant was ultimately bound over for trial. Moreover, after the district attorney amended the information, changing only the charge from obtaining merchandise to obtaining money by false pretense, defense counsel moved to strike the second page on the grounds that it would cause excessive punishment to be imposed, even though this page was not attached. We find, therefore, that the appellant was notified of the charges against her, and consequently, she was not prejudiced in any way. See, 22 O.S.1981, § 410. This assignment of error is without merit.

■ In her final assignment of error, the appellant alleges that an instruction given to the jury during the second stage of the trial was improper. We note that the appellant did not object to this instruction, nor did she submit a written instruction designed to correct any inadequacies in the trial court's instructions. All but fundamental error is therefore waived. *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980). In that defense counsel stipulated that the court clerk would testify, if called, as to the identity, representation of counsel, and finality of the three felony convictions alleged, we find there was no fundamental error. See, *Browning v. State,* 648 P.2d 1261 (Okl.Cr.1981).

Accordingly, the judgment and sentence appealed from is AFFIRMED.

PARKS and BRETT, JJ., specially concur.

PARKS, Judge, specially concuring:

With regard to appellant's second assignment of error, I believe an instruction more closely mirroring the statute would be the better practice. Rather than tell the jury, "punishment is not to be considered by you at this stage of the proceeding," an instruction that, "at this point, punishment shall not be determined," will have less chance of prejudicing the defendant. Even so, I cannot say that in this case appellant suffered such prejudice to require reversal.

I concur in the court's opinion in all other respects.

BRETT, Judge, specially concurring:

I concur that this conviction should be affirmed. However, I also believe Judge Parks statement in his special concurrence is well taken.