## O. B. (BUDDY) O'NEAL v. STATE.

No. A-8621. April 6, 1934.
(31 Pac. [2d] 886.)

Moss & Powell, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county, and was sentenced to serve a term of 99 years in the state penitentiary.

The evidence discloses that defendant, a white man, 22 years of age, a laborer in the oil field, shot and killed one Charley Williams, aged about 54 years, a negro porter, at the Liberty Hotel. Defendant roomed at the hotel; he came in from the oil field about midnight; deceased was in charge of the desk in the lobby. Defendant in substance asked to buy a package of cigarettes, on credit; deceased in substance informed him he was not permitted to extend credit. Defendant insisted, and deceased continued to refuse. Defendant then went to his room on

the second floor, got a pistol and returned to the lobby and again asked for the cigarettes. Deceased put them on the counter and asked defendant to pay for them. Defendant grabbed the package, and deceased tried to recover it. Defendant then pulled the pistol from his pocket and ordered deceased to go up stairs after his pay, and forced him a distance of some 15 or 20 feet while he was protesting, then fired a single shot, inflicting a wound from which deceased died late in the day. Defendant then went to his room and fled by the fire escape. He was captured some months later in New Mexico. He interposed a plea of self-defense. The state made out a case of murder. It is not contended that the evidence is insufficient.

It is first argued the court erred in permitting witness Cauthron to testify, in rebuttal, to matters which should have been introduced in chief, for the reason defendant had not been served with the name of this witness as required by article 2, § 20, Constitution. In capital cases the names of witnesses used in rebuttal are not required to be served, but this exception does not permit the state to withhold the name of a witness whose testimony is in chief, and, by using him in rebuttal, avoid the force of the constitutional requirement. That a part of his testimony might have been used in chief does not preclude the state from using the witness in rebuttal where that portion of the testimony which might have been used in chief is merely cumulative or incidental to the rebuttal feature of his testimony. The introduction of such evidence is discretionary with the trial court, and its admission is not a ground for reversal, unless an abuse of discretion is shown. In the instant case there was no abuse of discretion. Hampton v. State, 7 Okla. Cr. 291, 123 Pac. 571, 40 L. R. A. (N. S.) 43.

Defendant next contends the prosecution persistently attempted to introduce evidence of bad reputation of defendant when he had not put his reputation in issue. This assignment is directed to various questions touching defendant's conduct on the evening of the homicide as tending to show ill will toward the negro porters at the hotel and that he was in a bellicose state of mind. Certainly the state cannot attack the reputation of a defendant in the first instance, and evidence of reputation is admissible on the part of the state only after a defendant has introduced evidence on this point. Whitlow v. State, 24 Okla. Cr. 307, 218 Pac. 162. The questions propounded and the evidence introduced and sought to be introduced here complained of do not constitute an attack on defendant's reputation. They are directed rather to matters connected with the homicide and tending to throw light upon the motives and intent of defendant and to refute the plea of self-defense. There is no material error on this point. Williams v. State, 4 Okla. Cr. 523, 114 Pac. 1114.

Also complaint is made that the court erred in his instructions, particularly No. 26, in which the court in substance told the jury that, in case they entertain a reasonable doubt whether defendant is guilty of murder or manslaughter in the first degree, they must give him the benefit of the doubt and find him guilty of the lower degree. This is in conformity to section 3091, Okla. Stat. 1931. No exception was taken to any of the instructions, nor was any request made for additional instructions. Construed as a whole, the instructions fairly and fully cover the law of murder, manslaughter in the first degree, and justifiable homicide in self-defense.

Also it is urged the court erred in receiving a verdict of manslaughter in the first degree without requiring the

jury to assess the punishment. The record does not disclose the circumstances under which the verdict was returned. In the motion for a new trial, it is assigned as error that the court received the verdict in open court in the presence of defendant, but, in the absence of defendant's counsel; that defendant was thereby deprived of his right to have his punishment assessed by the jury. No stipulation upon this point was made, nor was any evidence in support of the motion for new trial offered. No request was made that the court require the jury to assess the punishment. The court instructed the jury in case they should find the defendant guilty of an offense less than murder, or if they should fail to agree on the punishment, they might leave the same to be assessed by the court. The instruction on this point conforms to the requirement of section 3108, Okla. Stat. 1931. Some other errors are assigned in the brief, but none of them are of sufficient importance to require special discussion. They have not been overlooked, but have had the consideration of the court. We find no substantial error.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.