Norman Frederick RASBURY, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-12334.

Criminal Court of Appeals of Oklahoma.

Oct. 31, 1956.

Frantz C. Conrad, George Wulff, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Norman Frederick Rasbury was charged by an information filed in the Court of Common Pleas of Oklahoma County with operating a motor vehicle on a public highway while under the influence of intoxicating liquor; was tried, found guilty by verdict of the jury who left the punishment to be fixed by the court. Thereafter the defendant was sentenced to serve 30 days in the county jail and to pay a fine of $250 and has appealed.

We shall consider the assignments of error in the order in which they are presented in the brief of the accused. It is first contended that the arrest of defendant was unlawful and therefore the evidence accumulated pursuant to the unlawful arrest was not properly admissible and the testimony of all the witnesses for the State should have been excluded.

Present counsel did not represent the accused at the trial. He was represented by young and inexperienced attorneys. Present counsel recognized that the rules heretofore laid down in a number of cases decided by this court were not followed by trial counsel in that counsel did not present to the court a motion to suppress evidence before the commencement of the trial, neither did they object to the evidence when it was offered, nor did they present a motion to strike the evidence immediately after it was given and the only objection that appears in the record to the testimony of any of the witnesses for the State on the theory that the arrest was illegal was at the conclusion of the testimony of Officer Grounds wherein counsel for the accused stated, "Your Honor, we demur to this man's evidence. There has been no misdemeanor committed in his presence. We demur to the whole evidence he has given in this case." This objection was overruled by the court and an exception allowed to the accused.

Two Oklahoma City policemen testified in substance that on May 27, 1955, while they were off duty they were employed to assist in moving a house along Northwest Highway out of Oklahoma City; that some wires were down and they had stopped the house and were waiting while some utility linemen were raising the wires for the house to be moved when they stopped defendant's car traveling in an easterly direction toward Oklahoma City. Without objection the officers were permitted to testify that several passing motorists had stopped and advised them there was a drunken driver approaching. They testified that the defendant approached driving a 1954 Pontiac automobile traveling astraddle of the center line going about 20 miles an hour. Defendant stopped his car. As Officer Grounds approached, defendant threw a whiskey bottle partially filled out of the car. Both officers testified that in their opinion, defendant was intoxicated.

The testimony of the police officers was corroborated by Robert Lamb, a highway patrolman who arrived at the scene a few minutes after the arrest of the accused. He took the defendant into custody, marked the whiskey bottle for identification, delivered the defendant to the jail and gave the bottle to the county attorney's office. On

the way to town the defendant told the patrolman that he had two or three drinks of whiskey and that he had thrown the whiskey bottle from the car.

Two linemen employed by the utility company were present at the scene where the accused was arrested and both of them testified that in their opinion he was intoxicated.

The argument of counsel that the arrest of the accused was unlawful is based upon their contention that the officers were acting merely as private citizens and that no misdemeanor was committed in their presence, but that the arrest of the accused was based upon hearsay reports given to them by passing motorists.

■ Counsel for the accused filed a motion to suppress evidence several days prior to the trial, but never at any time called it to the attention of the trial court and it was never acted upon. Regardless of the possible merit of the proposition urged by present counsel it is established law that objection to the reception of evidence obtained by arrest claimed to have been without authority of law to be available must be timely presented. Sanders v. State, Okl.Cr., 287 P.2d 458. In Cornett v. State, 96 Okl.Cr. 165, 249 P.2d 1016, it was held:

"Burden is on movant to introduce evidence in support of his motion to suppress evidence and where he fails to sustain the burden and introduce facts to prove the invalidity of a search, the action of the court in overruling the motion to suppress will be sustained on appeal.

"The privilege of immunity against an illegal search is personal to the accused and is one which will be considered waived unless timely objection to the introduction of evidence is interposed on that ground."

See White v. State, 81 Okl.Cr. 399, 165 P.2d 151; Carrell v. State, 95 Okl.Cr. 125, 240 P.2d 1131; Fulbright v. State, 96 Okl. Cr. 36, 248 P.2d 651.

■ It is next contended that the bottle partially filled with a liquid marked "whiskey" was improperly admitted as evidence. As heretofore noted, witnesses testified that accused threw a bottle partially filled with a liquid out of the rear window of his automobile. While he was being transported to jail defendant told the patrolman that he had thrown the bottle from the car. The patrolman identified the bottle and it was admitted in evidence. The objection to this evidence seems to be based upon the proposition that there was no direct testimony from any witness that he had tasted the liquid in the bottle and it was whiskey. The bottle was labeled "whiskey," had an odor of whiskey and was admitted in evidence and the jury were permitted to take it along with the other exhibits to the jury room with them. The circumstances were sufficient to justify its admission in evidence and were sufficient in the absence of any proof to the contrary to authorize the court and jury to conclude that the bottle contained whiskey.

■ It is next contended the trial court committed reversible error in permitting the witness Cain to be recalled as a rebuttal witness and to testify over the objection and exception of defendant. The witness Cain was one of the utility linemen who testified as a part of the State's case in chief that he thought the accused was intoxicated. After the State had rested its case and defendant had testified at length relating that he had been on a business trip to Enid and was returning to his home in Oklahoma City and had offered witnesses to testify to his good reputation, defendant had rested his case. The witness Cain was then recalled by the State as a rebuttal witness. He testified on direct examination that defendant came to his home to see him on Thursday, October 20, 1955. The record disclosed that counsel for the accused repeatedly objected to the testimony of Cain in rebuttal. Ten objections were interposed during his testimony so it cannot be said that they failed to object to the disputed evidence. The particular part of the testimony of witness Cain

which was flagrantly prejudicial was his voluntary statement that he smelled whiskey on the defendant when he came to his home in October, 1955. The court overruled the objection to that statement. Counsel should have moved the court to have the statement stricken from the consideration of the jury, but since he did object to the statement and the court overruled his objection, we are going to treat this question as properly raised. The witness also voluntarily stated, "After I saw that he was drinking, I saw no further point in talking to him so I asked him to leave." We think this testimony was prejudicial and because of the closeness of the case cannot be classed as harmless error. Inquiry had not been made of the accused concerning any alleged conversation with Cain at the time in question and all of Cain's evidence was improper rebuttal. In Pulliam v. State, 61 Okl.Cr. 18, 65 P.2d 426, 427, it was held:

"Rebuttal evidence in criminal case is that which is given by the state to explain, repel, counteract, contradict, or disprove evidence introduced by or on behalf of the defendant."

■ The next proposition is that the jury disregarded the court's instruction number four. Instruction number four was in proper form and defined the term "under the influence of intoxicating liquor." This proposition is based upon the contention that the evidence was not sufficient to justify the finding of the jury that defendant was intoxicated. There is no merit to this proposition.

■ It is urged that the trial court erred in permitting the highway patrolman to refer to a memorandum that he had made concerning the arrest of the accused to refresh his memory about those events. Where a witness's memory is vague concerning an event, it may be refreshed by submitting a memorandum to him which the witness had made at a time when the facts were fresh in his mind. This question has been excellently treated by Professor McCormick in his Handbook of the Law of Evidence wherein he states in Section 9, pp. 15, 16:

"Nevertheless, the practice has long been established that in interrogating a witness counsel may hand him a memorandum to inspect for the purpose of 'refreshing his recollection,' and that when he speaks from a memory thus revived, his testimony is what he says, not the writing. This is the process of *refreshing recollection*, in the strict and accurate sense. But when this simple but helpful expedient had become established, it was natural for counsel to seek to carry it a step further. If the witness, being shown the writing, states that his memory is revived thereby, he may testify, as we have seen, from his refreshed recollection. But it may happen that the witness cannot go so far. He may say that, on looking at the writing, he recognizes it as a memorandum made by him when the facts were fresh in his mind, and *therefore,* though he has no present memory of the transaction described, he is willing to testify that the facts were as recited in the memorandum. Under the guidance of Wigmore, we now recognize this as quite a different process. In the one instance, the witness stakes his oath on his present memory; in the other, upon his written recital of things remembered in the past. The procedure of tendering a memorandum to the witness is alike in both cases, and it was convenient to justify the new extension by the old and approved phrase, 'refreshing recollection.' But the underlying justification in the new situation is quite different. It rests on the reliability of a writing which the witness swears is a *record of his past recollection.* Appropriate safeguarding rules have been developed for this latter kind of memoranda, requiring that they must have been written by the witness or examined and found correct by him, and that they must have been prepared so promptly after

the events recorded that these must have been fresh in the mind of the witness when the record was made or examined and verified by him. We have treated such memoranda separately, as an exception to the hearsay rule.

"Apparently the earlier English cases of genuine refreshment of recollection imposed no restriction upon the use of memoranda to refresh. These were not required to have been written by the witness or under his direction, nor to have been made near in time to the event. In the later-developed practice of using records of past recollection these restrictions, with good reason, were imposed. Since, however, the old name of 'refreshing recollection' was given to both practices, it was natural that the restrictions developed for one kind of memoranda should be applied to the other.

"Which is the wiser practice, the rule of the older cases, championed by Wigmore and by a good many present-day courts, to the effect that any memorandum, without restriction of authorship, time, or correctness, may be used when the purpose is to revive memory, or the rule requiring that the memorandum to refresh must meet the same tests as the record of past recollection? Even if the latter requirement is a historical or analytical blunder, it will be none the worse for that if it is a safeguard needed in the search for truth." (Italics supplied.)

See also First State Bank of Mangum v. Lock, 113 Okl. 30, 237 P. 606; First National Bank of Enid v. Yeoman, 14 Okl. 626, 78 P. 388; State v. Rule, 11 Okl.Cr. 237, 144 P. 807.

■ Upon the retrial of this case, we suggest that if the highway patrolman seeks to testify with the aid of the memorandum and objection is interposed, a necessary showing should be made that the memorandum was prepared by the witness while the occurrences mentioned in it were recent and fresh in his recollection and that the facts stated in the memorandum are true.

■ It is next contended that evidence which the State presented of the offer and rejection of a drunk-o-meter test was incompetent and prejudicial to the accused. A considerable portion of defendant's brief is devoted to this proposition and the argument presented is meritorious. However, again we find from an examination of the record that the testimony was introduced without objection from defendant's counsel.

The proof of the State showed that defendant approached the roadblock of the officers in a careful manner, driving about 20 miles per hour. His car was not swerving. He was prepared to stop his car and did stop it and at the direction of the officer, pulled onto the shoulder. It was not the manner of operation of the automobile that caused the defendant to be arrested, but the arrest was based upon observations made after the car had been stopped. Under the circumstances presented by this record, we feel that the improper admission of rebuttal testimony of the witness Cain was sufficient that it might have tended to have swerved the decision to the State and caused the jury to return the verdict of guilty.

Reversed and remanded for a new trial.

BRETT and POWELL, JJ., concur.