**Richard HALL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12417.**

Criminal Court of Appeals of Oklahoma.

March 27, 1957.

Moore & Fitzgerald, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The defendant, charged and convicted in the county court of Payne County with unlawful possession of intoxicating liquor and by the jury assessed punishment at a fine of $50 and confinement in the county jail for 180 days, has appealed to this court.

Three propositions for reversal are advanced, and will be considered in the order presented.

The evidence discloses that Mert Poole, policeman, city of Stillwater, accompanied by Joe Bradley, under-sheriff and Floyd Flowers jailor of Payne County, went to the home of the defendant, Richard Hall, in Stillwater. The officers had and served a search warrant. The defendant was at home, and a roomer, one William W. Snider, was also there.

Witness Poole testified that he searched the kitchen and front room of the home; that he and officer Flowers then went outside and commenced looking around the premises, and that officer Flowers found two one-fifth bottles of whiskey in paper sacks in post holes, but covered over with dirt. Witness said that he then went into the feed lot and found two pints and three half pints of whiskey in post holes covered by a feed trough. The liquor was identified.

Officer Bradley testified that he was still in defendant's home searching when officers Poole and Flowers were out in the yard, and that he had a conversation with the defendant. Witness testified:

"A. I was searching the house and he said he had brought two fifths of whiskey from Missouri or Kansas, and I won't say which. And I said, 'Is that all you've got?', and he said, 'That's all'. Q. Did you have a conversation with Mrs. Hall in the presence of Mr. Hall? A. I talked with both of them, yes. Q. What did you say to her? A. I told her it didn't make so much difference about her and Richard as for the kids for them selling whiskey. I said the main thing is these children, selling whiskey out here with these children out here."

We note that no objection was made to what witness stated he told defendant's wife. More will be said about this.

The home was shown to have been a place of public resort.

The defendant did not testify, but called his roomer, William W. Snider as a witness, and Snider testified that he purchased the whiskey introduced in evidence in the State of Kansas and had it for his own use. This witness on cross-examination admitted that he had served twenty-eight months in the reformatory at Granite, Oklahoma and three years in the San Quentin, California prison on two charges of burglary and one of escape.

Of course the testimony of undersheriff Bradley with regard to what he said to the wife of the defendant was improper and prejudicial, and might account for the jail sentence being as great as it was. Counsel should have interposed an objection, but did not. Later on, realizing the implications, counsel did interpose a motion to strike the evidence in question, which was overruled.

The record discloses what reasonably would seem to be an error of the reporter due to defect in the enunciation by the court or hearing of the reporter, for the instruction would have the court advise the jury that they might "waive" the credibility of the testimony of the witness William W. Snider. Counsel in their brief admit that quite likely the court actually said that the jury might "weigh" the credibility of this testimony. Any conclusion to the contrary would be absurd, for the witness had a prison record and such fact might be considered as going to the weight of his testimony. The jury did not believe that the whiskey belonged to this witness who lived with defendant, but believed that it belonged to the defendant.

It is finally contended that the court erred in permitting officer Bradley on rebuttal to testify to a conversation he had with defendant where he said that defendant told him that he brought the two fifths of whiskey in evidence back from Kansas. We conclude that it was within the discretion of the court under the circumstances of the record, as to the admissibility of such evidence. See Pulliam v. State, 61 Okl.Cr. 18, 65 P.2d 426, where this principle is treated in some detail.

By reason of the recitation by officer Bradley of his conversation with the defendant's wife, and the refusal of the court to instruct the jury not to consider it, we think justice demands that the prison sentence of 180 days in jail be reduced to 90 days in jail, but that the fine stand.

The judgment as so modified is affirmed.

BRETT, P. J., and NIX, J., concur.