**J. Bainbridge BILES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-12434.**

Criminal Court of Appeals of Oklahoma.

Feb. 19, 1958.

John W. Tillman, Fred A. Tillman, Don Hampton, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

J. Bainbridge Biles was charged by an information filed in the County Court of Washington County, Oklahoma, with operating a motor vehicle on a public highway while under the influence of intoxicating liquor, was tried, found guilty by verdict of the jury. The defendant was sentenced to serve 10 days in the county jail and to pay a fine of $50 and costs, and has appealed.

The plaintiff in error recites five assignments of error.

After a careful study of the transcript and evidence presented therein, we feel that there is not sufficient merit in four contentions of the plaintiff in error to be discussed herein, and for that reason this opinion will deal exclusively with assignment of error No. 4, which is as follows:

"4. Error of the court in certain admissibility of evidence, to which the defendant excepted and his exceptions were allowed."

The defendant makes one decisive contention herein, to the effect that the trial court erred in permitting in evidence the fact that the defendant had refused to take an intoximeter test and further permitted the state to show what evidentiary fact such a test would have disclosed.

Bartlesville police officers Shell and Collum, who were not on duty, therefore not in uniform, were having coffee at Murphy's Drive Inn and they noticed the defendant and his wife in a booth eating, when the wife slapped the defendant, left the restaurant, and later returned. Officer Shell testified he went out to his patrol car and radioed to see if there was a patrol car in the vicinity. Officer Brown testified he was a lieutenant on the night shift and at about 11:30 p. m. he observed a car going west along the boulevard on the left side of the street and weaving back and forth. That he turned on the red light and followed the car about two blocks. That the driver of the car was the defendant, J. Bainbridge

Biles, and that he appeared to be drunk. The defendant was placed under arrest for drunk driving and his wife for being drunk. They were taken to the police station and defendant was asked if he wanted to take an intoximeter test, which he refused.

The defendant, Biles, then took the stand and testified he was married, 47 years old, had never been arrested before, served overseas in the Navy, that he lived in Pawhuska, Oklahoma, was in the contracting business, was in Claremore that day, went to Murphy's Drive Inn with his wife about 9:30, had two or three drinks perhaps 30 minutes before that time, ordered a large sirloin steak and stayed there probably an hour, ate dinner and was waited on by Vivian Duffy, had no argument, paid his bill, got in his car and started home. That they had to back up and cross the center line of the highway to go west towards their home in Pawhuska, that he did not speed up and when he learned they wanted him to stop he stopped within 40 feet or less. He was travelling about 25 miles an hour. When the officers came up and asked for his driver's license it was about 11 p. m. He further testified he was not under the influence of alcohol, had no wreck or collision of any kind, was taken to the police station in Bartlesville where he testified he was required to put up a $70 bond and that if he would forfeit the bond it would not be necessary for him to be in Municipal Court. That he was not in an intoxicated condition. That ever since he had been in the dirt business his eyes have been bloodshot. That he was offered an intoximeter test and told that he could refuse and did not say he was full of alcohol and it would show the first time he took the test. He testified that in the cafe his wife was peeved and wanted to go home. He stated he did not care to take the test.

On re-direct examination he testified that he was definitely able to remember what took place.

On page 15 of the casemade, Officer Brown testified:

"Q. What, if anything was done then? A. We asked him if he wanted to take the intoximeter test?

"Q. Did he? A. No, he refused to take it."

On page 22 of the casemade the following questions were asked and police officer Lester Steward testified:

"Q. Did you hear anyone offer the intoximeter test? A. Yes, he refused."

Page 24 reflects:

"Q. Did you hear anyone offer to give the intoximeter test? A. I did."

Farther down on the same page:

"Q. Was he advised that he could take an intoximeter test? A. Yes.

"Q. What was asked him? A. He was asked if he wanted to take the test, he said no and the test was not made."

The testimony as to the defendant's refusal to take the intoximeter test has been held by this court to be inadmissible. See Duckworth v. State, Okl.Cr., 309 P.2d 1103. If proper and timely objection had been made by defendant's counsel and overruled by the trial court, the defendant's contention of error would have been sound. However, the record has been closely examined and it is quite obvious that no objections were made to the introduction of this testimony. It cannot be considered for the first time upon appeal. The exact question was passed on by this court in the case of Rasbury v. State, Okl.Cr., 303 P.2d 465, 466, where the court said:

"In prosecution for operating automobile while under influence of intoxicating liquor, whether state's evidence of offer to and rejection by defendant of a drunk-o-meter test was incompetent and prejudicial to defendant will not be considered on appeal from conviction, in absence of objection by defendant's counsel to introduction of such evidence."

No doubt the introduction of this testimony was damaging to the defendant, but under previous holdings of this court we are helpless to consider defendant's only meritorious contention of error upon appeal where timely objection was omitted. We could not justly say the trial court erred in admitting evidence with an objection being offered.

A careful review of the record presents no error justifying the court to interfere. The case is affirmed.