O. W. CLARK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12988.

Court of Criminal Appeals of Oklahoma.

March 7, 1962.

Howard, Carr & Harris, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by O. W. Clark, plaintiff in error, defendant below, who was charged by information in the court of common pleas in Tulsa County, Oklahoma, with the crime of assault and battery, allegedly committed against Jerry Eugene Snelling on May 7, 1960 in said county.

The defendant waived a jury and was tried by the court, who found him guilty and fixed his punishment at ten days in jail, and a fine of $100. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

This case was long delayed by legislative continuance, and was stricken because of the state's failure to file a brief. The matter was finally argued without the aid of the State's brief, and has been decided without aid of a brief by the State.

Briefly, this case arose on May 7, 1960 because Snelling ran a picket line with a load of oil. After his delivery of the oil, he was overtaken, pinned to the side of the road and compelled to stop, by three union men, Thompson, Autry and Clark. These men got out of their car and attacked him. Autry opened Snelling's truck door, and Clark said, "Pull him out of the pickup and we'll beat him up." Autry and Snelling

started fighting. One of his assailants held Snelling's legs and Clark got him around the neck, choking him, and every once in a while hitting him. Autry was also hitting him. They threw him out of the truck on the ground and Clark got his legs around Snelling's neck and beat him in the back. The prosecuting witness said he could not tell how many times Clark struck him, he didn't count them, but he did see him hit him.

It was stipulated that if Dr. Robert N. Stover were present he would testify that he examined Jerry Eugene Snelling on May 7, 1960 and found him to have sustained head, face and neck contusions, abrasions and muscle spasm, apparently from a traumatic episode which had been related to him by Jerry Snelling.

The defendant did not testify in his own behalf, but Autry and Thompson testified for him. Thompson testified that Clark did not touch Snelling. On this point Thompson when questioned as to who hit Snelling, first took the Fifth Amendment on the ground his answer might incriminate him, when he was asked which of Clark's accomplices hit Snelling first, he testified it was "just a scuffle".

Autry testified they overtook Snelling and Thompson went back to talk to Snelling. Autrey said he looked back and saw them fighting. He related that at no time did Clark touch Snelling or at any time hit him, or even restrain him. Autry testified he got between Thompson and Snelling and tried to stop them. He just pushed Clark back, he testified.

The assistant county attorney, Mr. David Hall, in rebuttal testified for the state on the question of whether Clark touched the victim, Snelling. He said that his testimony was from notes he had made. The gist of his testimony was that on May 16, 1960 he had interviewed the defendant. Clark came to his office voluntarily between 1:30 and 5 in the afternoon and stated, after warning concerning what he might say, that a person he could not identify in the scuffle hit Snelling in the forehead. That Snelling made a pass at the man, and the only thing Clark did was, he got him by the arm, and told Snelling the best thing for him to do was to go right straight down the road. The defendant contends this was improper rebuttal, highly prejudicial, and proper only as evidence in chief.

■ The evidence in this case was conflicting. On waiver of a jury, the judge is the sole trier of the facts, after hearing the evidence, and observing the witnesses where there is any competent evidence to support the conviction, his decision carries the same weight as a verdict of the jury. Dugger v. State, 97 Okl.Cr. 97, 258 P.2d 949; McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397.

The testimony of the victim of this dispute and the stipulated testimony of Dr. Robert N. Stover made a prima facie case. The testimony of the defendant's witnesses clearly presented a case of testimonial hedging, and is entirely insufficient to overthrow the State's case. The trial court did not err in overruling the defendant's motion for acquittal.

It is contended that the trial court erred in permitting the assistant county attorney to testify in rebuttal, since the testimony given by him was admissible in chief only. Further, that he was not endorsed on the information, and the county attorney should not be permitted to be a witness in a case he is prosecuting. Moreover, he says it was error to permit impeachment of one witness by the statement of another.

■ On the point of whether the county attorney should have been permitted to testify in rebuttal, under the assertion it should have been offered in chief, this court has spoken on that issue numerous times. In Pulliam v. State, 61 Okl.Cr. 18, 65 P.2d 426, this court said:

"Rebuttal evidence in criminal case is that which is given by the state to explain, repel, counteract, contradict, or disprove evidence introduced by or on behalf of the defendant.

■ "Evidence tending to clarify a disputed point may be properly rebuttal testimony, notwithstanding the fact that the same testimony might have been introduced in chief.

■ "When the state makes out a clear case in chief the fact that certain testimony was reserved for rebuttal, which would have been admissible in establishing the case in chief, but which is clearly in rebuttal of a material defense, or testimony introduced in defense, does not render the same inadmissible."

■ In Bowman v. State, 82 Okl.Cr. 199, 167 P.2d 663, it was said:

"In nearly every case, we find evidence introduced as rebuttal which might properly have been introduced in support of the case in chief, but this is not the sole test. The question which arises and is directed to the discretion of the trial court is whether the evidence offered in rebuttal is a rehash of the State's case in chief, or whether it pertains to some material issue which has become important because of effect of evidence introduced on behalf of defendant."

See also Hall v. State, Okl.Cr., 309 P.2d 300.

It has been repeatedly held that such matter is within the trial court's discretion, in furtherance of justice, to permit rebuttal testimony which was competent evidence in chief. Tingley v. State, 16 Okl.Cr. 639, 184 P. 599.

■ The fact the rebuttal witness is not endorsed on the information does not prevent the use of a witness in rebuttal where he is called in good faith, merely because his evidence or some part of it might have been introduced in chief. Phenis v. State, 28 Okl.Cr. 142, 143, 229 P. 652.

■ The Constitutional (Art. II, § 20) and statutory (22 O.S.1961 § 831) provisions in regard to endorsement of witnesses on order of the trial court, even in a capital case, have been held not to divest the trial

court of all discretion. These matters have been held to be matters of the trial court's discretion, and are grounds for reversal only in case there is a showing of abuse. Quinn v. State, 55 Okl.Cr. 116, 25 P.2d 711; O'Neal v. State, 55 Okl.Cr. 388, 31 P.2d 886.

■ On the question of whether the county attorney may be a witness in a case he is prosecuting, the weight of authority is to the effect that he may. State v. Lee, 203 S.C. 536, 28 S.E.2d 402, 149 A.L.R. 1300, 1304, Anno. 1305, in speaking of the discretion to be exercised in such cases, says:

"This discretion is to be exercised, especially in criminal cases, with due regard to the peculiar circumstances of each case, and the nature of the issue to which the evidence is adduced. State v. Lyle, 125 S.C. 406, 118 S.E. 803."

It appears there is no question that in a proper situation the county prosecutor is a competent witness. What we believe is the correct rule on this issue is laid down in Robinson v. United States, 8 Cir., 32 F. 2d 505, 66 A.L.R. 468:

"Circumstances might arise in the trial of a case making it necessary that the prosecuting attorney or his assistant become a witness, but these cases are few and exceptional. The function of a prosecuting attorney and a witness should be disassociated. A jury naturally gives to the evidence of the prosecuting attorney far greater weight than to that of the ordinary witness. Circumstances might exist where the prosecutor could not withdraw from the case. He might be the only attorney familiar with the case, and the only one engaged in the prosecution. The tendency of a situation where a prosecutor in a criminal case becomes a witness for the government is to prevent somewhat that fair trial to which a defendant is entitled. If this were the only question in the case, it might not be sufficient to warrant a reversal, but the practice of acting as prosecutor and witness is not to be

approved, and should not be indulged in, except under most extraordinary circumstances."

██ We are of the opinion that the requirements of the case at bar made it permissible that he be allowed to testify herein. It seems that the defense was adroitly laid to make it appear by the testimony of Thompson and Autry that the defendant Clark never laid a hand on Snelling. Clark did not testify, but Autry testifies the defendant Clark did not lay a hand on Snelling. Thompson availed himself of the Fifth Amendment as to whether he struck Snelling.

The county attorney testified that he had a conference with the defendant Clark in which he admitted someone whom he could not identify struck Snelling, and that Clark himself took hold of his arm and told him in substance to "go on down the road and get away from here."

██ This evidence so far as the State's proof was concerned was negligible. In fact, it was favorable to the defendant, but even if it were error to admit this proof, it was harmless as to the defendant Clark. We have repeatedly held that error without injury is harmless. It had no value except to refute the statement of Thompson and Autry that Clark did not lay a hand on Snelling. The competent evidence offered in chief by the State clearly indicated that Clark did help beat the victim Snelling. The medical proof indicates it was a rather severe beating. In any event, this presented a question of fact for the court, and he having spoken adversely to the defendant, his decision is binding on us, where there is any evidence reasonably tending to support his findings. There is such evidence under the circumstances herewith presented.

██ In Lair v. State, Okl.Cr., 316 P.2d 225, 71 A.L.R.2d 856, we held that where three or more people are assembled to do an unlawful act, to the terror and disturbance of others, such breach of the peace may constitute an unlawful assembly. Therein we said:

"Society has assumed labor's part and discharged its responsibility by recognizing certain procedure as the lawful means of persuasion and picketing. [T]40 O.S.1951, § 166; Ex parte Sweitzer, supra [13 Okl.Cr. 154, 162 P. 1134]. But, these prescriptions do not countenance threats or acts of violence."

For the foregoing reasons, the judgment and sentence is affirmed.

NIX, P. J., and BUSSEY, J., concur.