**Marvin DICKERSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14057.**

Court of Criminal Appeals of Oklahoma.

Dec. 28, 1966.

Warren H. Crane, Lawton, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Marvin Dickerson, hereinafter referred to as defendant, was

charged in the Superior Court of Comanche County with the crime of Driving While Under the Influence of Intoxicating Liquor. He was tried by a jury, found guilty, and his punishment set at Thirty Days in the County Jail, and a $100 fine. From this judgment and sentence he has appealed to this Court alleging only one contention of error, as follows:

"That the trial court erred in admitting testimony of a witness called in rebuttal, not endorsed on the complaint, who refuted no evidence of defendant and was permitted to testify to matters properly presented in the State's case in chief."

From the record, it appears that a Highway Patrol Trooper, Bob H. Shaw, testifying for the state, stated that on December 18th, 1965, at about 3:55 in the afternoon, he was driving north on U. S. 277 near Surplus City, when he observed a Blue Chevrolet pick-up traveling south. Before meeting said pick-up, he noticed it ran into the west bar ditch—This caught his attention, so he drove up to the nearest place where he could turn around, and did so. The pick-up had pulled back onto the highway so close to two other south-bound vehicles, that they had to brake sharply and let him onto the road. There were several cars in between the patrol unit and the defendant's pick-up, when he took the entrance road onto the Pioneer Expressway, which is a one-way road. The trooper stated he observed the pick-up driving erratic; that it was slow and then he would speed up and it used all of the roadway. That he was weaving on the roadway. That when he got down to where the entrance road leads onto the four-lane section in the Pioneer Expressway itself, before this point the defendant stopped the pick-up in the lane of traffic and sat there. That the trooper was unable to get up to the pick-up because of the other traffic. That the defendant then proceeded on in a southerly direction onto the expressway, driving partially on the shoulder, and then would get out into the road; and further into the middle of the road. Defendant

then pulled over to the shoulder of the road and got out of the pick-up, as the trooper drove up behind him. He testified that the pick-up was parked partially on the shoulder and partially on the road. That after he had placed defendant under arrest and put him in the patrol car, he moved the pick-up off the road. He testified that he smelled the odor of intoxicants on the defendant's breath, that he was unsteady on his feet, and not in full control of his facilities; and that, in his opinion, he was definitely intoxicated.

In his defense, the defendant took the stand and testified that he had, in fact, had two or three beers that day, but that he was not intoxicated. The state brought out on cross-examination his previous arrests and convictions for intoxication. He also stated that when the trooper brought him into the Sheriff's office, the Deputy Sheriff said to him, "Well, you don't look too drunk to me."

His wife and son testified that they saw what they believed to be his pick-up on the road that day, and followed it for some miles before they discovered that it was not the defendant, and that this pick-up they followed was weaving all over the road.

The state then put the trooper back on in rebuttal, and called Melvin Phelps, the Deputy Sheriff of Comanche County who stated that he was in the Sheriff's office on the day the defendant was brought in, and that he did state to him that he had seen him drunker than he was that day. He further testified that the defendant had definitely been drinking.

■ This rebuttal testimony of the deputy sheriff is the sole contention of error of the defendant. He relies on the case of Clark v. State, Okl.Cr., 370 P.2d 46. This Court cannot perceive how the Clark case could be applied to defendant's allegation. The Court stated in said case, that, in nearly every case, we find evidence introduced as rebuttal which might properly have been introduced in support of the case in chief, but this is not the sole test. The

question which arises and is directed to the discretion of the trial court is whether the evidence offered in rebuttal is a re-hash of the State's case in chief, or whether it pertains to some material issue which has become important because of effect of evidence introduced on behalf of defendant. See, Bowman v. State, 82 Okl.Cr. 199, 167 P.2d 663; and Hall v. State, Okl.Cr., 309 P.2d 300.

■ This would certainly apply in the instant case. The defendant left the impression that the deputy sheriff had stated that he was not intoxicated. The state called the deputy to clarify this point for the jury.

■■ The fact that the rebuttal witness is not endorsed on the information does not prevent the use of a witness in rebuttal where he is called in good faith, merely because his evidence or some part of it might have been introduced in chief.

The rule as stated in the Clark case, supra, is that:

"Rebuttal evidence in criminal case is that which is given by the state to explain, repel, counteract, contradict, or disprove evidence introduced by or on behalf of the defendant."

■ It is evident to this Court that the testimony of the witness Phelps did clearly counteract, contradict, and disprove testimony put on by the defendant, and in particular, where he stated that he was not intoxicated. And, the testimony of his wife and son wherein they stated that he was not intoxicated. This was proper rebuttal testimony, notwithstanding the clarification of the statement by the deputy sheriff when defendant was brought to the jail.

This Court is of the opinion that the allegation raised by the defendant is not sufficient to merit a reversal. The judgment and sentence of the trial court is, therefore, affirmed.

BUSSEY, P. J., and BRETT, J., concur.