**Joe D. WAFERS, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–14201.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

---

* The learned trial judge obviously meant Douglas v. People of State of California,

372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

Earl P. Enos, Duncan, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Reid Robison, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal from a conviction of the crime of attempted burglary in the second degree. The plaintiff in error, hereinafter referred to as defendant as he appeared in trial court, was charged jointly with three other persons. Defendant asked for a severance, which was granted; he was tried before a jury, and found guilty as charged. Motion for new trial was filed, in which one contention was that newly discovered evidence had been found, which with reasonable diligence could not have been discovered before the trial. Defendant's motion for new trial was overruled, and judgment and sentence was passed on September 26, 1968, when defendant was sentenced to serve two years in the State Penitentiary. The Attorney General filed a motion to dismiss defendant's appeal which was overruled and defendant's case is now being considered on appeal.

On February 9, 1966 at 9:00 p. m., defendant and three other persons were observed at the rear of a store in Duncan, Oklahoma known as "Ben and Ray's." The four persons were observed by a resident of Duncan, who saw the attempted burglary across the street from his office, and who identified the vehicle which the four persons were driving; two Duncan police officers apprehended the four of them (two men and two women) in the car some four and one half miles east of Duncan; one officer found a screw driver under the front seat on the right side of the car; and a third Duncan police officer identified the defendant, from the trench coat he was wearing when the officer earlier observed the car and its occupants. The officer also identified the automobile, which he had

observed parked behind the store, and also by the prefix to the Texas auto license tag.

Defendant offered testimony of two of the co-defendants, both of whom denied that they had burglarized the store. One of the witnesses testified that he had been with the defendant all day and could not remember defendant's purchasing a screw driver like one submitted in evidence.

In rebuttal, the State offered the testimony of the proprietor of a Duncan hardware store, who testified that he sold the screw driver to the defendant on the day of the burglary.

Defendant offered six propositions of error in his brief. The first and second propositions are discussed together in defendant's brief. The first proposition states that the trial court erred in overruling the defendant's motion for a new trial; and in the second one he states that the trial court erred in permitting improper rebuttal testimony.

■ With reference to the discovery of new evidence as a basis for new trial, the seventh paragraph of Title 22 O.S.A. Section 952, provides, in part, as follows:

"When new evidence is discovered, material to the defendant, and which he could not with reasonable diligence have discovered before the trial, * * * and that the facts in relation thereto were unknown to the defendant or his attorney until after the trial jury in the case was sworn and were not of record. When a motion for a new trial is made on the ground of newly discovered evidence, the *defendant must produce at the hearing in support thereof affidavits of witnesses, * * *.*" (Emphasis added).

We observe from the record no affidavits of witnesses were offered with defendant's motion for a new trial, as provided for in the Statutes. When such is used as a basis for new trial, affidavits of witnesses must be produced to support the new evidence. In his brief defendant sets forth that the new evidence concerns the ownership of the screw driver found in the front seat

of the car, which was identified as the one sold to defendant, and which was proved to have been used in an effort to pry open the door. Defendant's brief states: " * * * that one witness, Leon Schultz, testified at the time that he sold the screw driver, * * * to the plaintiff in error, * * * when in truth and in fact, the automobile being driven by the defendant, the plaintiff in error, was not his automobile and the owner of the automobile purchased such screw driver prior to said time unknown to the defendant, this plaintiff in error."

We fail to see how such evidence could be considered newly discovered evidence. Certainly defendant must have known at the time of his trial who owned the automobile; and, if he did not purchase the screw driver he should have made such fact known at the time of his trial. Therefore we can not accept the defendant's first proposition as grounds for reversal of this case.

■ Concerning the defendant's contention that the rebuttal testimony was improper, it is a well established rule that rebuttal evidence may be admitted to explain, repel, counteract or disprove the evidence introduced by defendant. See: Walters v. State, Okl.Cr., 403 P.2d 267; Clark v. State, Okl.Cr., 370 P.2d 46; and Wood v. State, 72 Okl.Cr. 347, 116 P.2d 734.

■ This Court also states in Pulliam v. State, 61 Okl.Cr. 18, 65 P.2d 426 that evidence may be admissible in rebuttal to clarify a disputed point. In this instance, the testimony of witness Schultz went directly to the credibility of the testimony offered by defendant's witness Mr. Orr; it also clarified the point in dispute concerning the purchase of the screw driver. We observe, also, that the contention of error was not properly preserved, in that no objection was made in the trial court. See: Lewis v. State, Okl.Cr., 433 P.2d 854.

■■ Defendant's third proposition that the trial court erred in admitting hearsay testimony of Officer Foster relating to statements of two co-defendants. This objection concerned the officer's testimony

that when he asked the two women why they were parked on the east side of the store; they responded that the car had broken down. The purpose of testimony being to place the parties at the scene of the attempted burglary, at the alleged time. We believe the officer's statement was properly admitted as being relevant and material, and therefor not hearsay. In addition, the officer's testimony was admissible as being within the *res gestae*. This Court said in Williams v. State, Okl.Cr., 373 P.2d 91:

"The statements and exclamations or acts and conduct of third persons are admissible in evidence when they are so closely connected with the crime as to constitute part of the res gestae." 22A C.J.S. Criminal Law § 673, p. 695.

 Defendant's fourth proposition contends that the arrest of the defendant was without warrant and without reason and in violation of the Constitutions of the State of Oklahoma, and the United States. The second paragraph of the Syllabus of State v. Chronister, Okl.Cr., 353 P.2d 493 states:

"The use of the term 'probable cause' or 'reasonable cause' itself imports that there may not be absolute, irrefutable cause. If the facts are such that a reasonably prudent man would have believed accused guilty, and would have acted upon that belief, a police officer is justified in making an arrest without warrant, although subsequent events prove that no offense had been committed, or if committed, that accused had no connection with it, where the statute authorizes arrest without warrant when the officer has reasonable grounds for believing that the person arrested had committed a felony, although not in his presence."

See also: Darks v. State, Okl.Cr., 273 P.2d 880. We observe again that no objection was made to the testimony of Officer Foster, and therefor any error committed was not properly preserved.

 Defendant's next complaint is that his arrest was illegal for the reason that the arresting officer did not advise defendant of the reason for the arrest. In support of his contention defendant cites Holt v. State, Okl.Cr., 357 P. 574, but defendant's reference consists of the dictum of the court, and not the rule of law laid down by that decision. The Holt case recites on p. 582, while referring to Heinzman v. State, 45 Okl.Cr. 305, 283 P. 264 as follows:

"The failure of a peace officer, in making an arrest for a felony, to inform in express terms the person sought to be arrested of his authority and the cause of the arrest, will not render his acts illegal, where the person about to be arrested knew the officer and that he was an officer and was acting as such."

We observe, also, that the defendant failed to offer any objection to the officer's testimony, at the time of trial; therefore, the error, if any was not properly preserved.

 Lastly, defendant contends that the search of the automobile and seizure of the screw driver was improper. There was no objection made at the time the screw driver was introduced as evidence; therefore, to bring the objection up for the first time on appeal is improper. See: Lyles v. State, Okl.Cr., 330 P.2d 734, and Caldwell v. State, Okl.Cr., 373 P.2d 261.

It is also a well established rule of law that the privilege against unreasonable search and seizure, found in the Oklahoma Constitution, Article II, § 30, is a personal privilege available to the owner of the property. See: One 1949 Pickup Truck, Motor No. 87 HY–157418 v. State, 206 Okl. 36, 240 P.2d 1107. Therefore, even if the search were found to be unlawful, this defendant would not be the one to object to the introduction of the testimony. Only the owner of the vehicle would have standing to object.

We are therefor of the opinion the judgment and sentence herein should be, and the same is therefor, affirmed.