Joe Kenneth **RIDDLE**, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17339.**

Court of Criminal Appeals of Oklahoma.

March 6, 1973.

Rehearing Denied March 15, 1973.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Joe Kenneth Riddle, hereinafter referred to as defendant, was charged and convicted in the District Court of Pontotoc County, Case No. 4731, for the offense of Carry a Firearm After Conviction of a Felony. His punishment was fixed at two and one-half (2½) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Tom Miller testified that on May 22, 1967, he was employed as a police officer with the Ada Police Department. While on patrol, at approximately 11:15 p. m., he noticed a pickup truck improperly parked, with its doors left open, in front of the Sooner Lounge, located in Ada, Oklahoma. He entered the tavern and inquired of all present as to who owned the pickup truck. He received no response. He then asked the defendant if the truck belonged to him. The defendant denied he owned the truck. He was advised by someone in the bar that the truck, in fact, belonged to the defendant. Officer Miller thereupon made further inquiries of the defendant and received further denial. After talking further with the defendant, he suspicioned the defendant was drunk and asked him if he would mind stepping outside. Once outside, Officer Miller directed the defendant to walk down the sidewalk and back to observe his coordination. The defendant's walk was unsteady and he swayed. Officer Miller further testified the defendant's speech was slurred, he smelled a strong odor of alcohol about the defendant's breath and, in his opinion, the defendant was drunk. At this point, he arrested the defendant for the offense of Public Drunk. Officer Miller testified he then searched the defendant and found a P–38 pistol in the defendant's right front pocket. He thereafter transported the defendant to the police station.

The defendant did not take the stand nor offer any evidence in his own behalf.

Defendant first asserts that the trial court erred by not sustaining his motion to suppress the P–38 pistol, because the said gun constituted the fruit of an unlawful arrest.

We believe the trial court rightly overruled defendant's motion to suppress.

Title 22 O.S.1961, § 196, states:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence."

Officer Miller testified the defendant's speech was slurred, his walk was unsteady and swayed, and there was a strong odor of alcohol about his breath.

■ Under the facts of the instant case, we believe there was reasonable cause for the police officer to conclude the defendant was drunk in a public place and arrest defendant for this offense. Therefore the search incident to this arrest was lawful. See Wafers v. State, Okl.Cr., 444 P.2d 825 (1968).

■ Defendant in his final proposition contends that evidence concerning the coordination test should have been excluded because he was not given MIRANDA warnings prior to performing the coordination test. For support of this contention, the defendant cites the case of Spencer v. State, Okl.Cr., 404 P.2d 46 (1965). In the *Spencer* case the defendant was in jail and under arrest for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor.

In the instant case, the defendant was not under arrest at the time he was asked to perform, but elected instead to perform the test.

We believe that the requests made by the police officer to defendant, asking him to step outside and perform the coordination test were non-custodial in nature and were not in the form of interrogation, therefore the giving of Miranda warnings was not required.

We, therefore, find no merit in their proposition.

Having carefully examined the record and finding no error that would justify reversal or modification, we are of the opinion the judgment and sentence herein should be, and the same is, affirmed.

BUSSEY and BRETT, JJ., concur.