**Jim UTZMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–77–222.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1977.

Rehearing Denied Sept. 27, 1977.

Forest N. Simon and O. B. Martin, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Jim Utzman, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRM–75–2807, with the offense of Attempting to Rescue a Prisoner, in violation of 21 O.S.1971, § 521. He was tried, convicted and assessed a fine of Five Hundred Dollars ($500.00). From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced at trial are as follows: On September 2, 1975, at approximately 1:15 p.m., Tim Routen, who was employed as a security guard for TG&Y, observed a woman identified as the defendant's wife, pick up an item, remove the price tag from it and later replace it with a price tag removed from another item. She then exited through the check out stand, paying for the item in question, and then proceeded to leave the store. At this time, he approached her and identified himself as an Oklahoma City Police Officer working in the capacity of a security guard, and asked her to accompany him to his office to answer a few questions. Upon arrival at his office, he informed her that she was under arrest for Larceny of Merchandise and then examined the item in question.

Shortly thereafter, the defendant arrived at the scene pursuant to a telephone call from his wife, and acting in a belligerent manner, informed Mr. Routen that he felt that Routen had no authority and that he was going to take his wife away. Mr. Routen then showed the defendant his badge and his gun to identify himself, whereupon the defendant became aggressive, struck his shoulder, and grabbed his wrists forcing them downward. At that time the revolver discharged once, inflicting wounds upon both the defendant and his wife. Again, the defendant appeared determined to leave with his wife; however, Mrs. Utzman made no attempt to depart. Subsequently, the police arrived and were informed of the disturbance, whereupon both the defendant and his wife were taken into custody.

In his first assignment of error, the defendant asserts that Janette Peoples, a/k/a Janette Utzman, who at the time of the arrest was the wife of the defendant, was not a prisoner, lawfully in the custody of Jim Routen, the security guard. He bases this contention on the proposition that he arrested her without a warrant while in the capacity of a private citizen, and therefore, to constitute a legal arrest, the crime must have been committed in his presence. The defendant contends that the offense was not committed in the presence of Mr. Routen.

A review of the record indicates that Mr. Routen observed Mrs. Utzman remove the price tag from the item in question and then replace it with a price tag removed from another item. Further, he watched her pay for the item bearing the substituted price tag. This was sufficient to provide him with reasonable cause to believe that a crime had been committed in his presence. See, *Avants v. State*, Okl.Cr., 544 P.2d 539 (1976) and *Riddle v. State*, Okl.Cr., 506 P.2d 1405 (1973). Therefore, we find the defendant's first assignment of error to be without merit.

As his second assignment of error, the defendant asserts that the trial court

committed error by allowing the State to invoke the rule of sequestration after the State's first witness had been examined and excused. In support of this contention the defendant cites *Thompson v. State*, 73 Okl.Cr. 72, 118 P.2d 269 (1941), wherein, while the rule was invoked, three officers who apparently appeared as witnesses for the prosecution were exempted from the rule, which this Court found to have the practical effect of excluding all the defendant's witnesses from the courtroom while allowing those from the State to remain and hear each other's testimony. However, even in this situation this Court held that said ruling would have been harmless, except when considered in connection with other events that transpired during the trial.

The instant case is clearly distinguishable in that there were no complicating events which prevented the defendant from having a fair and impartial trial. Furthermore, until the rule was invoked all witnesses were present in the courtroom. Finally, as this Court stated in *Thompson v. State*, supra, the right to have witnesses sequestered during trial is not an absolute right, but is a matter within the sound discretion of the trial court. In this case, we find no clear abuse of that discretion. Therefore, this assignment of error is without merit.

■ The defendant next assigns as error the trial court's refusal to give the instruction requested by the defendant. As we stated in *Batie v. State*, Okl.Cr., 545 P.2d 797 (1976):

> "This Court has repeatedly adhered to the general rule in Oklahoma that the instructions given to the jury are left to the discretion of the trial court, and that such discretion will not be interfered with as long as the instructions, considered as a whole, fairly and accurately state the applicable law." (Citations Omitted).

After a careful review of the record in this case, we find that the instructions given by the trial court fairly and accurately stated the applicable law. Therefore, we find the defendant's third assignment of error to be without merit.

■ The defendant's fourth and final assignment of error is the failure of the trial court to grant a mistrial after the District Attorney asked the defendant if he had filed a civil suit against TG&Y. However, the defendant failed to produce any authority in support of this assignment of error. We believe the question was a proper one insofar as it affected the weight and credibility to be given the witnesses' testimony in that he had a financial interest in the outcome of a civil action arising out of the same transaction. We find this assignment of error wholly without merit.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby AFFIRMED.

BRETT, J., concurs.