**Paul D. WILLIAMS, Jr., Appellant,**

v.

**CITY OF TULSA, Oklahoma, Appellee.**

**No. M–79–107.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1981.

Oliver & Evans, Inc., J. Richard Johnson, Jr., Tulsa, for appellant.

Waldo F. Bales, City of Tulsa Atty., John L. Geb, Asst. City Atty., Tulsa, for appellee.

–OPINION–

BUSSEY, Judge.

Appellant was convicted by a jury of Assault and Battery in the Municipal Crimi-

nal Court of the City of Tulsa, Case No. 259476, and sentenced to thirty (30) days in jail. On appeal, he raises five assignments of error, only two of which it will be necessary for this Court to address.

As his first assignment of error, appellant complains that the prosecutor erroneously inquired on cross-examination of a defense witness as to the witness' knowledge that appellant had previously "beaten up" a named individual. The witness testified on direct as to the circumstances of the altercation underlying the charge, explaining that he had watched closely after the complaining witness bumped—and exchanged words with—the appellant on the dance floor of a Tulsa nightspot, because he knew appellant to be the kind of person who gets "excited" in such situations. On cross-examination, the prosecutor emphasized and expanded upon this testimony. On re-direct, defense counsel asked whether the witness meant by "excited" that appellant "does not like to fight and tries to avoid them at all cost."

Finally, on re-cross-examination, the prosecutor returned to this area, and elicited testimony from the witness that appellant was known to not enjoy fighting, although not wanting "to take the first punch, either". It was then that the prosecutor asked "So then you're saying he's a peaceful person; is that right?" The witness answered affirmatively, whereupon the prosecutor asked "Were you aware that he beat up David Robinson about a month prior to that?"

 The appellee contends that the prosecutor was merely probing the credibility of a defense character witness. We are of the view that the record will not support such a characterization of the witness. Other crimes evidence bears serious poten-

tial of danger for an accused. Its use is accordingly very restricted. See *Burks v. State*, Okl.Cr., 594 P.2d 771 (1979). In this case, the inquiry complained of was improper.

The trial court denied a mistrial but agreed to give an admonishment. However, we have reviewed the instruction given[1] and find that it lacked the directness required to cure the error.

Appellant complains as his fourth assignment of error that the court erred in barring defense counsel from asking the complaining witness on cross-examination if he had sought damages against the appellant in a lawsuit. Defense counsel was permitted to elicit from the witness the fact that a lawsuit had been filed on his behalf. However, a prosecution objection was sustained when defense counsel asked "And would it be correct if I were to ask you if you had sought damages against—". It appears that defense counsel was foreclosed from inquiring as to whether the suit was for money damages. It further appears that the effect was to prevent inquiry as to whether the lawsuit pertained to the same occurrence as the criminal charge, and indeed whether the suit was filed against appellant.

 In *Utz v. State*, Okl.Cr., 568 P.2d 641 (1977), this Court held that a criminal defendant could be asked on cross-examination whether he had filed a civil law suit arising out of the same transaction as the criminal charge, for the purpose of showing bias due to a financial interest in the outcome. This principle should apply equally to impeachment of a prosecution witness and should protect inquiry as to whether the suit in fact arises from the same transaction and involves a request by the witness for money damages, and should certainly

---

1. THE COURT: "Ladies and Gentlemen of the jury, the factors for your consideration are those circumstances which have been brought to light involving an occurrence at—the alleged occurrence at Pish's. Any other matters which have been brought up by the last questioning process are totally immaterial to this case and not to be taken into consideration by you at this time in reaching a determination or decision in this matter. So at this time you are admonished just to refer to the facts and circumstances of the evening in question and the admissible evidence which has been brought to light thus far. You're not to consider the last comment or any implications arising from that comment." [Tr. 123].

allow testimony that the accused—the cross-examining party—is the defendant in the suit. This assignment of error is also well taken.

In conclusion due to errors discussed above occurring in the jury trial of this case, it is the opinion of this Court that the judgment and sentence appealed from must be reversed and remanded for a new trial.

BRETT, P. J., and CORNISH, J., concur.